# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NETZY COLON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:06-CR-137-2-RWS |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 1:08-CR-2777-RWS |

## **ORDER**

Movant, Netzy Colon,[1] presently incarcerated at the Federal Correctional Institute in Danbury, Connecticut, seeks via 28 U.S.C. § 2255 to challenge the validity of her August 30, 2007, conviction and sentence following a negotiated guilty plea. [Doc. 392]. This matter is before the Court on the instant § 2255 motion [Doc. 392], Movant's amended § 2255 motion [Doc. 405], Movant's supporting brief [Doc. 406], and the Government's response [Doc. 408].

On October 17, 2006, Movant pled guilty to Count One of the Superseding Indictment, which charged Movant and other co-defendants with conspiring to possess with the intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846. [Doc. 175]. In connection with her guilty plea, Movant tendered a negotiated

---

[1] Movant is also known as Leticia Espinosa.

guilty plea ("Plea Agreement") to Count One. [Doc. 175, Plea Agreement]. The Plea Agreement included the following relevant limited waiver-of-appeal provision:

> To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack her sentence in any post-conviction proceeding, including a § 2255, on any ground, except that [Movant] may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. [Movant] understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, [Movant] may also file a direct appeal of her sentence.

[Doc. 175, Plea Agreement at 7-8]. This Court then accepted Movant's guilty plea. [Doc. 400, Guilty Plea Transcript at 20-21]. Following a sentencing hearing conducted on August 30, 2007, the undersigned sentenced Movant to 210 months in prison. [Doc. 322].[2] Movant did not directly appeal her conviction and sentence.

Proceeding pro se in the instant § 2255 motion as amended, Movant asserts, inter alia, that counsel rendered ineffective assistance by failing to file a notice of appeal after Movant requested him to do so. [Doc. 405 at 2; Doc. 406 at 12-13]. The Government responds that it is necessary for this Court to conduct an evidentiary

---

[2] The record reflects that Movant was represented by Arturo Corso at the plea and sentencing hearings.

2

hearing in order to determine whether Movant directed counsel to file an appeal. [Doc. 408 at 4 n.1, 9].

Under Eleventh Circuit precedent, the right to an appeal in a criminal case is fundamental.

> A direct appeal from a United States District court to a court of appeals is in effect a matter of right. It is a right which is fundamental to the concept of due process of law. A decision to waive the direct appeal must, therefore, be an informed one. This consideration has found further expression in the 1966 amendment to F. R. Crim. P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal in forma pauperis.
>
> . . . By way of analogy we think that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case.

Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972) (citations and quotations omitted).[3]

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth the standard for evaluating ineffective assistance of counsel claims. A defendant claiming ineffective assistance of counsel must demonstrate the following: (1) counsel's representation "fell below an objective standard of reasonableness," id. at

---

[3] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

3

688, and (2) counsel's deficient performance prejudiced the defendant, id. at 694. Strickland has been extended to claims of ineffective assistance based on counsel's failure to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477-86 (2000); Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005).

With regard to whether counsel's performance was deficient, the Supreme Court in Flores-Ortega recognized that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Flores-Ortega, 528 U.S. at 477. The Supreme Court reiterated its ruling that "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." Id. (quoting Peguero v. United States, 526 U.S. 23, 28 (1999)).

When a defendant has not specifically communicated his wishes to appeal, a court must nonetheless inquire "whether counsel in fact consulted with the defendant about an appeal." Flores-Ortega, 528 U.S. at 478. "If so, the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case . . . . If not, the court must further inquire whether the attorney had an affirmative duty to consult." Gomez-Diaz, 433 F.3d at 792 (citing Flores-Ortega, 528 U.S. at 478). The duty to consult the defendant arises when either: "(1) any rational defendant would want to

4

appeal, or (2) [the defendant] reasonably demonstrated an interest in appealing." Id. (citing Flores-Ortega, 528 U.S. at 480). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484.

In following Flores-Ortega and Gomez-Diaz, the Eleventh Circuit recognized that a criminal defense attorney has an affirmative duty to meaningfully consult with his client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the attorney believes the appeal has any chance of success. Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007). Movant has stated that, immediately following her sentencing hearing, she asked counsel to file a notice of appeal but that counsel had informed her that his representation had ended. [Doc. 406, Movant's Declaration at 7]. Given the importance that the Eleventh Circuit attaches to a criminal defendant's right to an appeal and in the interest of judicial efficiency, this Court concludes that the best course is to use its discretion to grant Movant an opportunity to appeal her conviction and sentence.

5

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Movant's § 2255 motion is **GRANTED**, but only to the limited degree that Movant shall have an out-of-time appeal.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(I).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Pursuant to Phillips, therefore, **IT IS FURTHER ORDERED** that:

(1) The criminal judgment in this action is **VACATED**.

(2) The sentence and special assessment imposed by this Court on August 30, 2007, are **REIMPOSED** with appropriate credit for time already served and sums of the special assessment that may have already been paid.

(3) Movant is hereby **ADVISED** that: (a) she has the right to an appeal; (b) if she is unable to pay the cost of an appeal, she may apply for in forma pauperis status to pursue the appeal; (c) if she so requests, the Clerk of

6

this Court will prepare and file a notice of appeal on her behalf; (d) if she is unable to afford counsel for the appeal, an attorney will be appointed for her; (e) with few exceptions, any notice of appeal must be filed within ten days of the entry of this order.

All other claims raised by Movant in the instant § 2255 motion are **DENIED WITHOUT PREJUDICE** to the filing of a subsequent § 2255 motion in the event Movant's conviction and sentence become final after resolution of her reinstated right to a direct appeal. See McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (holding that a successful § 2255 motion to obtain an out-of-time appeal "resets to zero the counter of collateral attacks pursued" and, therefore, does not render a subsequent § 2255 motion "second or successive").

**IT IS SO ORDERED** this  2nd  day of April, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)