# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NETZY COLON, | : | MOTION TO VACATE |
| BOP No. 57989-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-3464-RWS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:06-CR-137-2-RWS |

## ORDER

This matter is before the Court on Netzy Colon's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [475], the Government's Response [479], Ms. Colon's Reply [483], Ms. Colon's Memorandum of Supplemental Authority [517], and the Government's further Response [518]. Ms. Colon – who is represented by counsel – requested [525] and was granted [527] an evidentiary hearing. That hearing was held on October 10, 2013 [531, 533]. At the conclusion of the hearing, the Court invited the parties to submit supplemental pleadings [533 at 89]. Neither party, however, has elected to do so. Having now fully reviewed the parties' filings and the evidence presented at the hearing, the Court will deny Ms. Colon's § 2255 motion and deny a certificate of appealability for the reasons set forth below.

In March 2006, Ms. Colon[1] and others were indicted for their roles in a large-scale, long-term cocaine trafficking conspiracy [1; *see also* 115 (superseding indictment); 176 (second superseding indictment)].[2] In October 2006, Ms. Colon pled guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) [175]. She entered her plea pursuant to a written agreement in which she waived substantially all her direct appeal and collateral attack rights [175-1 at 7-8]. In August 2007, this Court sentenced Ms. Colon to a 210-month prison term, reflecting her relative culpability as compared to her co-conspirators [322].

Ms. Colon did not file a direct appeal within the time permitted. In September 2009, however, she filed a *pro se* § 2255 motion [392]. She later amended her § 2255 motion to add a claim that "[m]y defense counsel was inadequate by failing to file a notice of appeal per my request" [405 at 2]. In light of that claim, this Court vacated and reimposed Ms. Colon's sentence to permit her to file an out-of-time appeal [409

---

[1] The Court recognizes that Ms. Colon states that her "true name [is] Letiticia Espinosa." [475 at 1]. Because she proceeded under the name "Netzy Colon" in both this Court and the Eleventh Circuit and the court dockets reflect that name, she is referred to as "Ms. Colon" in this Order for the purpose of uniformity.

[2] There were roughly 30 co-conspirators, many of whom were indicted in parallel cases. *See* [533 at 54]; *see also* [399 at 12-13].

at 5-7]. In April 2009, Ms. Colon filed a notice of appeal through counsel [413], but then voluntarily withdrew it [449] and filed the counseled § 2255 motion [475] now pending before the Court.

In her § 2255 motion, Ms. Colon asserts that her former lawyer, Arturo Corso:

(1) was "ineffective in advising Petitioner to enter her guilty plea pursuant to an unfavorable plea agreement which waived important rights without obtaining corresponding benefits" [475 at 4] because of his "inexperience in federal sentencing matters" [475 at 9] and

(2) was "ineffective at the sentencing hearing" [475 at 11] because he (A) "failed to notice the Government breached the plea agreement" [475 at 11], (B) "failed to properly preserve sentencing issues for appeal" [475 at 13], and (C) "failed to articulate the proper standards for a variance from the Sentencing Guidelines" [475 at 14].[3]

The appropriate standard for determining whether Mr. Corso's performance was so ineffective that it violated Ms. Colon's rights under the Sixth Amendment and entitles her to relief under § 2255 was first set forth generally in *Strickland v.*

---

[3] In her § 2255 motion, Ms. Colon also alleged that her "guilty plea was rendered involuntary in light of defense counsel's ineffective assistance of counsel." [475 at 17]. Because the relief she is requesting is re-sentencing, rather than the opportunity to withdraw her plea and proceed to trial, that ground is moot. *Cf.* [533 at 32 ("I mean, nobody is disputing that she's pled guilty, she is guilty, and that the facts as outlined in the plea colloquy were correct"); 533 at 80 ("I would like the opportunity for her to plead again without a plea agreement.")].

3

*Washington*, 466 U.S. 668 (1984), extended to the plea context in *Hill v. Lockhart*, 474 U.S. 52 (1985), and has since be expounded upon in thousands of later cases.  In short:  Ms. Colon bears the burden of demonstrating "that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that [it] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.   And, as the Eleventh Circuit has observed, "the cases in which habeas petitioners can properly prevail are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc).

For purposes of this Order, the Court accepts Ms. Colon's contention that Mr. Corso's representation of her was "outside the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690, and that "no competent counsel would have taken the action that [Mr. Corso] did take." *Chandler*, 218 F.3d at 1315.  The Court accepts this contention because (1) Mr. Corso admits that he made "pretty big goofs" [533 at 41], was "naive" [533 at 41], "just missed it" at sentencing [533 at 43], and told Ms. Colon that he "would try to find someone to attack [his] effectiveness if possible" [533 at 45], and (2) because the Government does not argue that Mr. Corso

4

provided effective assistance of counsel, only that Ms. Colon was not prejudiced [533 at 86].[4]

But, as noted above, Mr. Corso's deficient performance, standing alone, would not entitle Ms. Colon to relief under § 2255. Rather, Ms. Colon must also have been prejudiced. The Court finds that Ms. Colon has not demonstrated prejudice.

First, the Supreme Court has recently reaffirmed that the standard for demonstrating prejudice in the plea context – at least when the claim is that "ineffective assistance led to the improvident acceptance of a guilty plea" – is the one set forth in *Hill v. Lockhart*. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012); *accord Missouri v. Frye*, 132 S. Ct. 1399, 1409-10 (reiterating that the *Hill v. Lockhart* standard applies when "a defendant complains that ineffective assistance led him to

---

[4] The Government also argued that Ms. Colon is precluded from collaterally attacking her conviction and sentence by the waiver in her plea agreement [479 *passim*]. For purposes of this Order, the Court also accepts Ms. Colon's contention that the waiver of collateral attack rights in her plea agreement should not be enforced because Mr. Corso's incompetent representation in negotiating the plea agreement directly affected the validity of that waiver. *See generally Williams v. United States*, 396 F.3d 1340, 13442 n.2 (11th Cir. 2005) (discussing – without taking a position with respect to – precedent from other circuits that holds that a claim that ineffective assistance of counsel claim may survive a waiver provision in a plea agreement where the claim directly relates to the validity of the waiver itself in the plea agreement); *see also Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (unpublished and non-precedential) (concluding that a collateral attack waiver in a plea agreement does not bar a § 2255 challenge to the "validity of . . . guilty plea").

5

accept a plea offer as opposed to proceeding to trial").[5] Thus, a § 2255 movant must still "show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.  Ms. Colon does not make that claim in this case.  She asserts merely that she would have preferred to enter her plea pursuant to a more favorable agreement or pursuant to no agreement at all.  At the evidentiary hearing, the relief that Ms. Colon's attorney requested was "the opportunity for her to plead again without a plea agreement." [533 at 80].  Ms. Colon's attorney conceded her guilt and stated that she would plea guilty again.  *Cf.* [533 at 32 ("I mean, nobody is disputing that she's pled guilty, she is guilty, and that the facts as outlined in the plea colloquy were correct").  That is insufficient to demonstrate prejudice under *Hill v. Lockhart*.

Moreover, even if it were sufficient for Ms. Colon to claim that – with different counsel – she would have held out for a "better" plea deal, she would also need to demonstrate "'a reasonable probability that' . . . "the district court would have

---

[5] *Lafler* and *Frye* dealt with the standard for finding prejudice when "inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome." *Lafler v. Cooper*, 132 S. Ct. 1376, 1383 (2012).  Ms. Colon is not claiming "non-acceptance."

6

imposed a shorter sentence." *Balbuena v. United States*, No. 12-15717, 2013 U.S. App. LEXIS 14027, at *29 (11th Cir. July 11, 2013) (quoting *Strickland*, 466 U.S. at 694). *See also Lafler*, 132 S. Ct. at 1385 (in the rejected plea context, the defendant must show, among other things, "that the conviction or sentence, or both, . . . would have been less severe"); *Wanatee v. Ault*, 259 F.3d 700, 704 (8th Cir. 2001) (in rejected plea context, defendant must show "he would have received a lesser sentence").

In imposing a 210-month term of imprisonment on Ms. Colon, this Court specifically noted that:

> I wanted to take a moment to make sure – I have reviewed and I wanted to make sure that I had, in fact, read everything. That's why I wanted to take a minute and look back through and make sure that I had truly read every word of it, and I have done that.
>
> This is a difficult case from many perspectives. One is that I do believe that this defendant's participation in the conspiracy was short by comparison with some other folks. Counter-balanced against that, I do believe that Ms. Espinosa did have a role in this conspiracy that was more significant than some others.
>
> And I suspect that [the Assistant United States Attorney] has put his finger precisely on the point and it is that she is a very sharp person. That, I took probably from her testimony more than any other thing that happened, in terms of her ability to field questions, to parse out the questions; and I think she was able to see nuances in questions that not all witnesses are able to see. She displayed a

7

significant level of intelligence, and I'm sure that the leader of the conspiracy saw that and found he had someone who could do a good job for him and I'm sure she probably did a good job for him.

The downside of that for her is that that weighs against her in terms of where she is in this process. In cases such as this, I do like to look at the broad spectrum to look at the comparisons as between the participants and how they are sentenced. It is not possible to set it on a scale and put everyone in neat compartments because different people have different criminal histories, people have other factors that come into play that will adjust the Guidelines; and then beyond that, you've got the [18 U.S.C. §] 3553 analysis that comes into play, as well.

. . .

The sad truth is I think the Pre-Sentence Report got it right. It think [the Probation Officer] perceived very accurately the roles and functions of people involved in this enterprise, and I think he has tagged the defendant correctly in terms of his findings that are set out in the Report; and I adopt those findings and overrule the objections to them.

I hate to have to say this to you [Mr. Corso] because I know you believe in your client, but in all candor, it is a case in which I had to at least contemplate [denying] acceptance of responsibility because I feel she has attempted to explain away or minimize her involvement in ways that call into question to some extent her full acceptance of responsibility in the case. I believe she made efforts to, through nuances, through her answers to questions, to avoid to some extent her responsibility.

. . .

8

> It seems to me that she did have a role. From looking at these phone conversations, she was the point of contact for customers. She was the person who would be called if there was a problem with the drugs. She was the person who was following up on accounts. She had a role in this where she supervised a part of the operation. . . .
>
> In looking at where she fits in the grand scheme of things, she obviously is not at the top; but she is – she's above many, most all of the other people that we've sentenced. And when I looked back and I looked back at the reports on those folks, and how we arrived at sentences and so forth, and you know, I looked at hers particularly in relation to [a co-conspirator] and what his sentence was in this case and I tried to decided, well, how does she square up with [her co-conspirator], you know, where does she fit in. And I'll be honest with you. On of the things – because she comes out on the Guidelines above [him], and is that fair. [He] is out there dealing on the streets, he's putting the poison out there, he's the direct contact.
>
> But what troubles me is that in the scheme of things, she's above him in the pyramid. We talked about – I think in your question you talked about the pyramid and how a pyramid works. She's higher in the pyramid because she's the conduit from the folks that are bringing it in from elsewhere and it's getting to the streets. She's the conduit, she's part of the conduit that gets it there. She's not the head person, and I realize that.
>
> But this is one of those cases where, and it's a goal that law enforcement often has and is seldom realized, it's where you try to work your way up the chain. It's the folks on the street that are the easy ones to get. It's the folks up the line, the Aranda-Salgados, and those are the folks that are hard to get to. And she is not an Aranda-Salgado. I know that. But she was essentially his right-hand person, at least for a period of time. . . .

[399 at 161-65].

In short, having (1) reviewed *all* the sentencing material, including the Plea Agreement in which the Government recommended a low-end sentence, (2) considered the 18 U.S.C. § 3553 factors, and (3) weighed Ms. Colon's relative culpability in the context of a large-scale, long-term, 30-defendant cocaine trafficking conspiracy, the Court concluded that a 210-month prison term was just and appropriate.  Nothing that Ms. Colon and her counsel presented at the October 10, 2013 evidentiary hearing prompts this Court to conclude that Ms. Colon might receive – let alone has a "reasonable probability" of receiving – a "lesser sentence" if permitted to withdraw from her Plea Agreement and enter a non-negotiated guilty plea.  *Balbuena*, 2013 U.S. App. LEXIS 14027, at *29 (quoting *Strickland*, 466 U.S. at 694).  Or, in other words, this Court cannot conclude that Mr. Corso's "conduct so undermined the proper functioning of the adversarial process that [it] cannot be relied on as having produced a just result" in Ms. Colon's case.  *Strickland*, 466 U.S. at 686.

For the foregoing reasons, Ms. Colon's § 2255 motion [475] is **DENIED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C.

§ 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Because Ms. Colon has not demonstrated that she is entitled to federal habeas relief or that the issue is reasonably debatable, a Certificate of Appealability is **DENIED**.

**SO ORDERED**, this  31st  day of January, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE