IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NETZY COLON, | : | CIVIL ACTION NO. |
| BOP Reg. # 57989-019, | : | 1:16-CV-3021-RWS-JCF |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:06-CR-137-RWS-JCF-2 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

# **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant, a federal prisoner, seeks via a 28 U.S.C. § 2255 motion to obtain a minor-role sentence reduction based on clarifying Amendment 794 to the Sentencing Guidelines, effective November 1, 2015, which she contends applies retroactively. (Doc. 585). Respondent moves to dismiss the § 2255 motion as second or successive. (Doc. 588).

After the entry of her guilty plea, Movant was sentenced in August 2007 to a 210-month term of imprisonment. (Doc. 322). She filed a § 2255 motion and was granted the right to file an out-of-time appeal, but later voluntarily dismissed the appeal and filed a counseled § 2255 motion instead, alleging ineffective assistance of trial counsel. (Docs. 392, 405, 409, 413, 449, 475). This Court denied that § 2255 motion on the merits. (Doc. 534). In October 2014, the Eleventh Circuit denied

Movant's application for a certificate of appealability. (Doc. 550). In June 2016, this Court reduced Movant's sentence to 168 months' imprisonment under the authority of retroactive Amendment 782 to the Sentencing Guidelines. (Docs. 577, 578).

A federal prisoner whose prior § 2255 motion was denied on the merits may not pursue relief under § 2255 again in a federal district court without first obtaining authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (when prior habeas petition has been dismissed with prejudice, subsequent petition is second or successive); *see also Campbell v. Sec'y for the Dep't of Corr.*, 370 Fed. Appx. 5, 8 n.2 (11th Cir. 2010) (same).

As noted below, the fact that Movant was recently re-sentenced under Amendment 782 to the Sentencing Guidelines does not alter the pre-authorization requirement for the § 2255 motion now before the Court. And, because there is no indication in the record that Movant has obtained authorization from the Eleventh Circuit to file a second or successive § 2255 motion, her motion must be dismissed for lack of jurisdiction. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004); *Cintora-Gonzalez v. United States*, 1:12-CR-0078-ODE-RGV-1, 2016 U.S. Dist. LEXIS 163629 (N.D. Ga. Sept. 30) (recommending

2

dismissal of § 2255 motion — seeking minor-role sentence reduction under Sentencing Guidelines Amendment 794 — as second or successive), *adopted by* 2016 U.S. Dist. LEXIS 163667 (N.D. Ga. Nov. 21, 2016); 2016 U.S. Dist. LEXIS 163629, at *4-5 (concluding that § 2255 movant's prior sentence reduction under Sentencing Guidelines Amendment 782 did not alter the status of his subsequent § 2255 motion seeking relief under Amendment 794 — the motion was second or successive, requiring pre-authorization from the Eleventh Circuit); *see also White v. United States*, 745 F.3d 834, 836-37 (7th Cir. 2014) (holding that — although the Supreme Court held in *Magwood v. Patterson*, 561 U.S. 320 (2010), "that the issuance of a writ of habeas corpus setting aside a sentence as invalid, followed by the imposition of a new sentence, resets the . . . count, so that an attack may be waged against the new sentence even if the same legal grounds could have been urged against the original sentence" — "*Magwood* does not reset the . . . count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced as the result of a retroactive change to the Sentencing Guidelines[, and therefore t]he district court properly dismissed [the] latest [§ 2255 motion] as . . . barred by the lack of prior appellate approval").

A federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C.

3

§ 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted). Because Movant has not made the requisite showing, a certificate of appealability should not issue in this matter.

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 588) be **GRANTED**; that Movant's 28 U.S.C. § 2255 motion to vacate her sentence (Doc. 585) be **DISMISSED for lack of jurisdiction, as second or successive**; and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 7th day of December, 2016.

        /s/ *J. CLAY FULLER*
        J. CLAY FULLER
        United States Magistrate Judge

4